## SPARKS v. STATE.   (6 Div. 678.)

(Court of Appeals of Alabama. Aug. 11, 1925.)

1. Criminal law ⬤➡1144(3)—In absence of bill of exceptions, it is presumed on appeal that same transaction was basis in both warrant for arrest and proceedings in county court and circuit court.

In prosecution, in which it is claimed that charge of felony, under Code 1907, § 7342, was changed by amendment to charge of misdemeanor, under section 7423, in absence of bill of exceptions, it will be presumed on appeal that same transaction was basis of warrant issued by justice of peace, and prosecution in county court and in circuit court to which it was appealed.

2. Indictment and information ⬤➡198—Proper practice where amendment effects departure stated.

If departure is effected by amendment in county court, and again in circuit court, accused should first object in county court, and renew objection, if necessary, in circuit court, to going to trial on substituted charge.

Appeal from Circuit Court, Winston County; R. L. Blanton, Judge.

John Sparks was convicted of selling mortgaged property, and he appeals. Affirmed.

Thos. J. Carey, of Haleyville, for appellant.

When the state elects to prosecute a crime in one of its phases, it cannot during the proceedings change the nature of the prosecution, by filing a new affidavit and complaint. Storrs v. State, 129 Ala. 101, 29 So. 778; Booke v. State, 155 Ala. 78, 46 So. 491; Echols v. State, 16 Ala. App. 138, 75 So. 814; State v. Blevins, 134 Ala. 213, 32 So. 637, 92 Am. St. Rep. 22; Graham v. State, 11 Ala. App. 113, 65 So. 717.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

⬤➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The original and amended affidavits charged an offense under section 7423 of the Code. The affidavit may be amended, if a new case is not introduced. Ganby v. State, 81 Ala. 71, 1 So. 35. Amendable defects are waived, if not objected to in the county court. Williams v. State, 88 Ala. 83, 7 So. 101. The question of jurisdiction, not having been raised by plea, was waived. Williams v. State, 18 Ala. App. 286, 92 So. 28.

BRICKEN, P. J. The appeal in this case is on the record without a bill of exceptions. The defendant was finally convicted in the circuit court under a charge brought under section 7423 of the Code of 1907. The prosecution was begun before a justice of the peace, and the warrant made returnable to the county court, from a conviction in which court defendant appealed to the circuit court.

[1] It is insisted by appellant that the prosecution as first instituted charged a felony under section 7342 of the Code of 1907, and that in the county court by amendment the prosecution was changed to a misdemeanor under section 7423, and further, that an entirely different state of facts was set up by the amended affidavit.

In the absence of a bill of exceptions we cannot conclude that the original and amended affidavits referred to different matters, but must presume that the same transaction was the basis of both prosecutions.

[2] If there was an entire departure effected by the amendment in the county court, and again in the circuit court, defendant should have objected first in the county court, and renewed the objection if necessary in the circuit court, to going to trial on the substituted charge. If the facts were as contended for by defendant in his brief, the trial court would no doubt have sustained an appropriate objection to the amendment had one been made at the proper time.

No question of jurisdiction is presented by the record. There is no special plea going to the jurisdiction of the court, nor evidence justifying the giving of the general charge on the ground that jurisdiction was not shown. There is no error in the record, and the judgment appealed from is therefore affirmed.

Affirmed.